NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0153n.06

Case No. 18-3683

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 28, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ALEXI LEIVA-AVILEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE: MOORE, SUTTON, and MURPHY, Circuit Judges.

SUTTON, Circuit Judge. Alexi Leiva-Avilez challenges the Board of Immigration Appeals' decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

A citizen of Honduras, Leiva-Avilez illegally entered the United States in 2016. The Department of Homeland Security initiated removal proceedings against him. Leiva-Avilez conceded his removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

Before coming to the United States, Leiva-Avilez lived in Choluteca, located in southern Honduras. Three times between October 2015 and early 2016, members of the Mara Salvatrucha gang, also known as MS-13, confronted Leiva-Avilez at bus stops in Choluteca. The gang members pressured Leiva-Avilez to join MS-13 and threatened to make life difficult for him and

his family if he refused. He never reported the gang's threats to the police, he claimed, because the police are corrupt and work with MS-13. Leiva-Avilez refused to join the organization, but, fearing retaliation, including that the gang would kill him if he did not acquiesce, he eventually fled to the United States.

In his applications, Leiva-Avilez argued that the MS-13 members targeted him because he opposed the gang. He later testified that he was part of a church group of young people who met each Sunday to encourage others not to join the local gangs.

The immigration judge denied Leiva-Avilez's applications, finding that he lacked credibility and, apart from that, had not shown that MS-13 persecuted him because of his political opinion or his participation in the church group or that the government would acquiesce in his torture. The Board of Immigration Appeals agreed, though it did not address the credibility point, and rejected his claims. We review the Board's decision and consider the immigration judge's reasoning to the extent the Board adopted it. *Al-Saka v. Sessions*, 904 F.3d 427, 430 (6th Cir. 2018).

The Attorney General may grant asylum to a "refugee," 8 U.S.C. § 1158(b)(1), defined as an alien unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *id.* § 1101(a)(42)(A). To establish eligibility in this case, Leiva-Avilez thus needed to show that his political opinion or his involvement in the church group motivated the gang members to persecute him. *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 483 (1992); *Pascual v. Mukasey*, 514 F.3d 483, 486–87 (6th Cir. 2007). We may reverse the Board's asylum determination only if "no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 484; *see* 8 U.S.C. § 1252(b)(4)(B).

No such showing has been made. Substantial evidence supports the Board's finding that a desire to recruit Leiva-Avilez and increase its membership motivated the MS-13 members, not a desire to punish him for his political or faith-based opposition to the gang. Leiva-Avilez acknowledged at the hearing that the gang members targeted him because of his age and because he was a student. "They wanted me to join them," he elaborated, "so . . . I could help them in my own town to grow." A.R. at 114. He indeed agreed that the gang "target[s] everybody": "[y]oung students, workers, business people." *Id.* at 127. And he admitted that he did not tell the MS-13 members about his church group. All of this evidence amply supports the Board's dispositive motivation finding.

Leiva-Avilez counters that he expressed a political opinion by refusing to join the gang, making it fair to infer that this viewpoint motivated MS-13's continued recruiting efforts and threats. In making this argument, he quotes language from *Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir. 1997). But in the next sentence of the opinion, the Ninth Circuit recognized that the Supreme Court rejected that premise in *INS v. Elias-Zacarias*, stating that refusal to give in to forced recruitment does not show that persecution for that refusal turns on political opinion. 502 U.S. 478, 482–83 (1992); *see Sangha*, 103 F.3d at 1490. We have said the same thing: "[R]efusal to join MS, without more, does not constitute a 'political opinion.'" *Blanco-Santa Maria v. Sessions*, 707 F. App'x 384, 388 (6th Cir. 2017) (per curiam) (quotation omitted).

That leaves two other objections. Leiva-Avilez challenges the Board's decision not to pass on his credibility or his related inaccurate-translation arguments, noting that the immigration judge's adverse credibility finding "infected" the analysis of his claims. Pet. Br. 14. And he says the Board erred in rejecting his proposed social group. But regrettably for Leiva-Avilez, these arguments are beside the point. The Board assumed his credibility and still found the evidence

wanting. And the Board explained that, even if his proposed social group counted as a cognizable group eligible for protection, he failed to show a necessary nexus between membership in that group and fear of persecution by MS-13. The evidence supports that finding, making it unnecessary to decide the legal bona fides of his proposed social group.

Because Leiva-Avilez failed to establish entitlement to asylum, he fails to meet the higher standard for withholding of removal. *Koliada v. INS*, 259 F.3d 482, 488–89 (6th Cir. 2001). And on appeal Leiva-Avilez does not challenge the Board's finding that the Honduran government would not sanction or acquiesce in his torture, which was his burden under the Convention Against Torture. He thus has forfeited the argument. *See Babick v. Berghuis*, 620 F.3d 571, 577 (6th Cir. 2010).

For these reasons, we deny the petition for review.